The **KIRLIN CORPORATION**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 16429.

United States Court of Appeals
Sixth Circuit.

June 17, 1966.

---

Harry M. Nayer, Detroit, Mich. (Edgar W. Pugh, Detroit, Mich., on the brief; Travis, Warren & Nayer, Detroit, Mich., of counsel), for petitioner.

Frederick E. Youngman, Atty., Dept. of Justice, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and WILSON, District Judge.*

PER CURIAM.

This is a petition for review of an unreported memorandum decision of the Tax Court of the United States, T.C. Memo 1964–260.

The Commissioner assessed an accumulated earnings tax against petitioner, the Kirlin Company, under Sections 531 and 532 of the Internal Revenue Code of 1954.[1]

The Tax Court found that petitioner accumulated its earnings and profits, for its taxable year ending August 31, 1958, beyond the reasonable needs of its business as of that date and that petitioner was availed of for the purpose of avoiding the income tax with respect to its shareholders by permitting earnings and profits to accumulate instead of being distributed. The deficiency determined by the Tax Court is in the amount of $103,439.33.

The evidence is summarized in detail in the memorandum findings of fact and opinion of the Tax Court, to which reference is made.

The issues of whether a corporation has been availed of for the purposes of avoiding income taxes and whether accumulations are beyond the reasonable needs of the business present questions of fact. The findings of the Tax Court may be set aside by this court only if they are clearly erroneous. Helvering v. National Grocery Co., 304 U.S. 282, 58 S.Ct. 932, 82 L.Ed. 1346; Smoot Sand & Gravel Corp. v. Commissioner of Internal Revenue, 241 F.2d 197 (C.A.4), cert. denied, 354 U.S. 922, 77 S.Ct. 1383, 1 L.Ed.2d 1437, and 274 F.2d 495, cert. denied, 362 U.S. 976, 80 S.Ct. 1061, 4 L.Ed.2d 1011.

Petitioner contends that the Tax Court erred in holding that its accumulations during its taxable year here involved were beyond the needs of the business and in ruling that the corporation was availed of in the taxable year for the purpose of avoiding the income tax with respect to is shareholders by permitting its earnings and profits to accumulate instead of being divided or distributed. Numerous arguments are asserted in support of these contentions. We hold

---

* Honorable Frank W. Wilson, Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

1. 26 U.S.C. § 531. Imposition of accumulated earnings tax

"In addition to other taxes imposed by this chapter, there is hereby imposed for each taxable year on the accumulated taxable income (as defined in section 535) of every corporation described in section 532, an accumulated earnings tax equal to the sum of—

"(1) 27½ percent of the accumulated taxable income not in excess of $100,000, plus

"(2) 38½ percent of the accumulated taxable income in excess of $100,000."

26 U.S.C. § 532. Corporations subject to accumulated earnings tax

"(a) General rule.—The accumulated earnings tax imposed by section 531 shall apply to every corporation (other than those described in subsection (b)) formed or availed of for the purpose of avoiding the income tax with respect to its shareholders or the shareholders of any other corporation, by permitting earnings and profits to accumulate instead of being divided or distributed."

that the findings of the Tax Court on these factual questions are not clearly erroneous, but to the contrary are supported by substantial evidence.

Petitioner further contends that the Tax Court erred in failing to give the credit authorized by § 535(c) of the Internal Revenue Code of 1954.[2] Upon examination of the record we find that the Tax Court has ruled upon each item of credits claimed and that these rulings are supported by substantial evidence.

Affirmed.

---

2. § 535(c) of the Internal Revenue Code of 1954.

"(1) General rule.—For purposes of subsection (a), in the case of a corporation other than a mere holding or investment company the accumulated earnings credit is (A) an amount equal to such part of the earnings and profits for the taxable year as are retained for the rea-sonable needs of the business, minus (B) the deduction allowed by subsection (b) (6). For purposes of this paragraph, the amount of the earnings and profits for the taxable year which are retained is the amount by which the earnings and profits for the taxable year exceed the dividends paid deduction (as defined in section 561) for such year."